IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) CASE NO. 2:25-cv-34-RAH-SMD |
| BALDWIN COUNTY, ALABAMA, | ) ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 3, 2025, pro se Plaintiff Devin Brandis Pugh ("Pugh") filed a complaint against Defendant Baldwin County ("Baldwin County"). Compl. (Doc. 2) p. 23.[1] Pugh proceeded *in forma pauperis*, and the undersigned reviewed the complaint pursuant to 28 U.S.C. § 1915(e). Upon review, the undersigned determined that Pugh's complaint was deficient and ordered him to file an amended complaint on or before May 5, 2025. Order (Doc. 13). That date passed, and Pugh did not file an amended complaint or request more time to do so. However, it appeared that the undersigned's order was returned to the Court as undeliverable. Not. (Doc. 15). As such, the undersigned entered a second order extending the deadline to amend to May 27, 2025, and included with it the original order

---

[1] Pugh initially filed this action against Baldwin County as part of a case against numerous defendants, which were also counties throughout Alabama. Order (Doc. 1). The action was then separated into one civil case per county defendant. *Id.* The complaint as it pertains to Baldwin County is set forth on page 23 of the document Pugh initially filed, while the other pages address the other county defendants. Compl. (Doc. 2). For purposes of this recommendation, the undersigned will only consider page 23 of the complaint, as it is the only part of the complaint that addresses Baldwin County.

containing the undersigned's instructions on how to amend. Order (Doc. 16). In the original order remailed to Pugh's new address, the undersigned specifically warned Pugh that:

> **his failure to comply with this order in its entirety will result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court.**

Order (Doc. 16) p. 3.

The authority of courts to impose sanctions for failure to prosecute or obey a court order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

As described in the undersigned's order to amend (Doc. 13), Pugh's complaint does not comply with the federal pleading standards. And despite being afforded ample opportunity to amend his deficient complaint, Pugh has not filed an amended complaint or requested more time to do so. The only recent action Pugh has taken in this case has been to mail several handwritten notes to the Clerk of Court that he asks to be docketed in "all cases under my name" despite not containing any particular case number. Mots. (Doc. 17, 18, 19). Yet despite Pugh's continued filings, he has failed to comply with the Court's order to file an amended complaint that complies with the federal pleading standard.

Therefore, because Pugh completely disregarded the undersigned's order to amend despite the warning that his case would be dismissed absent amendment, dismissal is appropriate. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

For these reasons, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that this case be DISMISSED without prejudice. It is further

ORDERED that Pugh shall file any objections to this Recommendation **on or before June 26, 2025.** Pugh must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of June, 2025.

/s/ Stephen M. Doyle
_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE